UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:21-cv-2402 |
| v. ) | |
| ) | |
| CITY OF SEYMOUR, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  STATEMENT OF THE CASE**

1. Plaintiff, Gary Ford (hereinafter "Ford" or "Plaintiff"), brings his Complaint against Defendant, City of Seymour, (hereinafter "Seymour"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* Ford, a Black male, contends he was subjected to discrimination based on his race and retaliated against for opposing a discriminatory practice.

**II.  PARTIES**

2. Ford is a citizen of Indiana who resides within the geographical boundaries of the Southern District of Indiana.

3. Seymour is a city located in Jackson County, Indiana and within the geographical boundaries of the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

4. Ford was an "employee" within the meaning of 42 U.S.C. § 2000e(f), and 29 U.S.C. § 2611(3).

5. Seymour is an "employer" within the meaning of 42 U.S.C. § 2000e(b), and 29 U.S.C. § 2611(4).

6. Ford satisfied his obligation to exhaust his administrative remedies by having timely filed his U.S. Equal Employment Opportunity Commission Charge Number 470-2021-02094 against Seymour alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, because of his Race, Black. Ford received his Notice of Right to Sue from the EEOC on August 30, 2021 and timely files his Complaint.

7. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

### IV.   FACTUAL ALLEGATIONS

9. Ford was hired by Seymour on March 22, 2021 as a GSG Laborer (Lightning Loader) in its Department of Public Works; he was supervised by GSG Supervisor John Edwards.

10. Shortly thereafter, Ford reported to Seymour's Human Resources department that a co-worker named Joe Williams ("Williams") had used the "n" word and asked Ford whether he was upset there was no fried chicken, watermelon, or Kool-Aid for lunch.

11. During the EEOC discrimination training class Ford and Seymour's other employees had to participate in as a result of Ford's complaint, Williams openly told the class about being reported and that his use of the "n" word was a joke; Williams also denies having asked Ford whether he was upset there was no fried chicken, watermelon, or Kool-Aid for lunch.

12. Thereafter, Ford was retaliated against by other Seymour employees with intimidation and false accusations of wrongdoing, as well as frequent and uncomfortable calls to the Human Resources Office.

13. These discriminatory and retaliatory acts led to Ford's constructive discharge from his employment with Seymour on April 25, 2021.

### V.  FIRST CLAIM FOR RELIEF
### (Damages Under Title VII)
### 42 U.S.C. § 2000e
### Employment Discrimination Based on Race

14. Ford hereby incorporates paragraphs one (1) through (13) as set forth herein.

15. Seymour is liable for Williams' discrimination under the doctrine of *respondeat superior*. See *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995).

16. Seymour's discrimination against Ford on the basis of his Race, Black, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

17. As a result of Seymour's discrimination against Ford based on Race, Ford was ultimately constructively discharged from his employment with Seymour and has sustained damages including but not limited to economic loss, loss of reputation, loss of enjoyment of life, mental anguish, and emotional injury.

### VII.  SECOND CLAIM FOR RELIEF
### (Damages Under Title VII)
### 42 U.S.C. § 2000e
### Retaliation

18. Ford hereby incorporates paragraphs one (1) through (17) as set forth herein.

19. Despite the fact that Seymour brought his concerns regarding Williams' discrimination to Seymour's Human Resources department anonymously, Williams openly told the class about being reported and that his conduct was in jest; Ford was retaliated against with

intimidation and false accusations of wrongdoing, as well as frequent and uncomfortable calls to the Human Resources Office; and Ford was constructively discharged from his employment with Seymour on April 25, 2021.

20. Seymour is liable for its employees' retaliatory acts under the doctrine of *respondeat superior*.  See *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995).

21. Seymour's retaliatory acts and constructive discharge of Ford violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

22. As a result of Seymour's retaliatory acts and constructive discharge of Ford, Ford has sustained damages including but not limited to economic loss, loss of reputation, loss of enjoyment of life, mental anguish, and emotional injury.

## IX.   REQUESTED RELIEF

WHEREFORE Plaintiff, Gary Ford, requests that judgment of this Court be held in his favor as follows:

1. Order Defendant to pay Plaintiff any and all lost wages and the monetary value of all benefits associated with his employment as a result of Defendant's discrimination;

2. Order Defendant to pay Plaintiff compensatory damages for the mental anguish and consequential harm he suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP

5

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Gary Ford, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. (317) 843-2606
Fax (317) 574-3095
cclark@goodinabernathy.com
03-131